993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Katherine STEEN, Plaintiff-Appellant,
v.
CENTRAL QUALITY; Julie Sandler; Kathy Hostetler; Mike
Didlow; Masonic Association, Defendants-Appellees.
 No. 92-2434.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1993.
 
 Before MERRITT, Chief Judge and KEITH and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Katherine Steen, a pro se Michigan litigant, appeals a district court order granting defendants' motion to dismiss in this civil action brought under federal question jurisdiction. Steen requests the appointment of counsel in her appellate brief. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 As best as can be gleaned from the complaint, Steen filed this civil action against the defendants on the basis of unspecified violations of "civil and human rights," and a violation of her right to a "private life." She further raised allegations of sexual harassment, racial discrimination and unfair labor practices in connection with her employment with Central Quality Services Corporation. She also asserted an allegation of a "masonic occult conspiracy." The defendants filed a motion to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted. In an order filed November 10, 1992, the district court held that Steen's allegations of harassment, discrimination, and unfair labor practice lacked legal and factual specificity, and the court dismissed the complaint for failure to state a claim upon which relief may be granted. The court also dismissed Steen's claim of a "masonic occult conspiracy" as frivolous pursuant to 28 U.S.C. § 1915(d).
 
 
 3
 Upon review, we conclude that the district court correctly dismissed Steen's complaint because Steen undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990); Dana Corp. v. Blue Cross & Blue Shield Mut., 900 F.2d 882, 885 (6th Cir.1990). Steen's allegations of harassment, discrimination, and unfair labor practice lacked the legal and factual specificity necessary to state an adequate claim. Although a plaintiff may address the basic elements of a cause of action, she will fail to state an adequate claim if her allegations are premised upon mere conclusions and opinions. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987) (need not accept as true legal conclusions or unwarranted factual inferences). And despite the liberal standard of review of dismissals under Fed.R.Civ.P. 12(b)(6), courts are not required to conjure up unpleaded facts that might turn a frivolous claim into a substantial one.
 
 
 4
 Upon further review, we conclude that the district court did not abuse its discretion by dismissing Steen's allegation of a "masonic occult conspiracy" as this claim describes a fantastic and delusional scenario. See Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992); Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir.1990).
 
 
 5
 For the foregoing reasons, the request for counsel is denied and the district court's order is affirmed pursuant to Rule 9(b)(3). Rules of the Sixth Circuit.